LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law – A Law Corporation

STEFAN M. REINKE   3747
*sreinke@lbchlaw.com*
BRADFORD F.K. BLISS   3161
*bbliss@lbchlaw.com*
Pioneer Plaza
900 Fort Street Mall, Suite 1700
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF; EXHIBITS 1 – 5; SUMMONS |
| vs. | |
| ASSOCIATION OF APARTMENT OWNERS OF LAHAINA RESIDENTIAL CONDOMINIUM; QUAM PROPERTIES HAWAII, INC., | |
| Defendants. | |

COMPLAINT FOR DECLARATORY RELIEF

COMES NOW GREAT AMERICAN INSURANCE COMPANY

("Great American"), by and through its attorneys, Lyons Brandt, Cook &

Hiramatsu, and for its Complaint for Declaratory Relief, pursuant to 28 U.S.C. § 2201, against the ASSOCIATION OF APARTMENT OWNERS OF LAHAINA RESIDENTIAL CONDOMINIUM (the "Association"), and QUAM PROPERTIES HAWAII, INC. ("Quam") (collectively, "Defendants"), and states as follows:

## I. INTRODUCTION

1. This lawsuit involves an insurance coverage dispute. Great American issued a Community Association Solution Insurance Policy (the "Policy") which, subject to its terms, conditions, exclusions, and endorsements, affords errors and omissions insurance coverage to the Association and Quam (as the Association's property manager), as well as its directors and officers ("D&Os").

2. On October 6, 2023, a Demand Letter was sent to the Association and Quam, asserting liability against the Association and Quam based on "the August 2023 fire" and alleging that the Association "is extremely underinsured" and that the Association's "replacement cost limits [are] only 10 million dollars when it is likely to cost at least double that to replace the structures that were lost in the August 2023 fire." The Demand Letter further "demand[s] [the Association and Quam engage in] mediation pursuant to HRS 514B-161," and such mediation is presently scheduled for February 29, 2024.

2

3. Of relevance here, the Great American Policy provides for errors and omissions coverage to the Association and Quam, but it also expressly contains a Property Damage Exclusion, that broadly excludes coverage for "any **Claim** [*i.e.*, the Demand Letter]…based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving…: <u>damage to or destruction of any tangible property or the loss of use of any tangible property</u>." (Emphasis added.) Here, the Demand Letter is "arising out of…or in way involving" "damage to or destruction of any tangible property or the loss of use of any tangible property" – *i.e.*, the entire foundation of the Demand Letter is predicated on the damage and/or destruction of the various buildings and structures that comprise the Association in the Lahaina wild fire in August 2023. Absent the destruction of the Association's buildings, there would be no basis for any of the alleged liability set forth in the Demand Letter.

4. On October 15, 2023, Great American received a copy of the Demand Letter from the Association. Five days later, by letter dated October 20, 2023, Great American advised the Association and Quam that there was no coverage under the Policy for the Demand Letter, while raising the Property Damage Exclusion.

5. By letter dated October 30, 2023, counsel for the Association disagreed with Great American's October 20 letter and "demands that Great

American acknowledge this Claim and immediately retain defense counsel to represent and protect the Insured at the upcoming mediation and in all subsequent proceedings."

6. By letter dated November 13, 2023, Great American reiterated its denial of coverage under the Policy for the Demand Letter based on the Property Damage Exclusion. Although Great American does not believe any coverage is afforded under the Policy for the Demand Letter, Great American has nevertheless agreed to pay the **Costs of Defense** of the Association and Quam through the February 29, 2023 mediation, subject to (among other things): (i) Great American's right to seek recoupment of those **Costs of Defense**; and (ii) "Great American's right to file a coverage lawsuit seeking a declaration that there is no coverage under the Policy for the [Demand Letter]."

7. An actual controversy exists between Defendants and Great American regarding Great American's purported obligation to pay the **Costs of Defense** and/or indemnification of Defendants for the Demand Letter, and this controversy cannot be resolved without a declaration of the rights and responsibilities of the parties by this Court.

## II. THE PARTIES

8. Great American is a corporation organized under the laws of the State of Ohio with its principal place of business located at 301 E Fourth Street, Cincinnati, Ohio 45202.

9. On information and belief, the Association is a citizen of Hawaii, with its principal place of business in Hawaii.

10. On information and belief, Quam is a citizen of Hawaii, with its principal place of business in Hawaii.

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 respecting diversity jurisdiction insofar as it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the relevant events occurred in this district, including the issuance of the Policy to the Association's address in Hawaii, and the damage and destruction to the buildings of the Association that serves as the basis for the Demand Letter.

## IV.  BACKGROUND FACTS

### A.  The Great American Policy

13. Great American issued to the Association a Community Association Solution Insurance Policy which is a "claims made" policy, for the **Policy Period** of March 13, 2023 to March 13, 2024, with a $1 million Limit of Liability, and a Retention of $1,000.

14. A true and correct copy of the Policy is attached hereto as Exhibit 1, and incorporated herein by reference.

15. Sections I.C. of the Policy's Insuring Agreements provides:

> **Section I.    Insuring Agreements**
>
> \*               \*               \*
>
> **C.**  If during the **Policy Period** or the **Discovery Period** any **Claim** is first made against the **Organization,** any **Subsidiary,** or the **Property Manager** for a **Wrongful Act,** the **Insurer** shall pay on behalf of the **Organization,** any **Subsidiary,** or the **Property Manager, Loss** and **Costs of Defense** resulting from such **Claim**.

16. Section III.A. of the Policy defines "**Claim**," to include: "(1) a written demand for monetary relief made against any **Insured**."

17. Section IV.D. of the Policy expressly contains the Property Damage Exclusion, which provides:

> This Policy does not apply to any **Claim** made against any **Insured**:
>
> **D.**    based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving:

6

> (1) bodily injury, sickness, disease or death of any person, assault or battery; (2) damage to or destruction of any tangible property or the loss of use of any tangible property; or (3) humiliation, mental anguish, emotional distress, invasion of privacy, wrongful entry, trespassing, eviction, false arrest, false imprisonment, malicious prosecution, abuse of process, libel or slander; provided, however, that part (3) of this exclusion shall not apply to any **Claim** for an **Employment Practices Wrongful Act;**

**B.** **The Demand Letter**

18. By email dated October 6, 2023, an attorney on behalf of one of the owners of the Association sent an email to the Association's counsel (and others) that provides:

> I represent owners at the Lahaina Residential AOAO, including owner Ralph Riccardi. Please pass this on to the Board's and Quam Properties' D&O and umbrella carriers (I assume the Board and Quam share both) and Insurance Associates's E&O carrier. (I am copying Jeff Sia on this matter in an abundance of caution.)
>
> My clients are very concerned that the AOAO is extremely underinsured. Based on the February 23, 2023, insurance summary I have reviewed, the replacement cost limits are only 10 million dollars when it is likely to cost at least double that to replace the structures that were lost in the August 2023 fire.
>
> I understand the association might be pursuing efforts against HECO and others. While obviously that avenue should be pursued, that outcome is far from certain, and it may take years for even a partial recovery due to the massive number of claimants, potential bankruptcies etc.
>
> Those significant risks and lengthy delays should be an insurer's problem in a subrogation claim, not the homeowners' problem. Under both 514B-143 and the governing documents, homeowners were

7

> entitled to the peace of mind of full replacement coverage. Unfortunately, the coverage is woefully inadequate.
>
> Does the board intend on pursuing this matter against Insurance Associates, Quam (I understand it was the property manager in February 2023) and individual board members?
>
> I fully understand that mistakes can be made. This unfortunately was a very large one, with devastating effects for the homeowners. Obviously, it is for situations like this that D&O, E&O and Umbrella policies exist.
>
> Please let me know within seven days if the board is going to pursue this matter with the above entities and individuals.
>
> Unless an affirmative unequivocal written response is received, we hereby demand mediation pursuant to HRS 514B-161….

19. A true and correct copy of the Demand Letter is attached hereto as Exhibit 2, and incorporated herein by reference.

20. Based on the allegations of the Demand Letter, coverage is excluded under the Policy because of the Property Damage Exclusion.

C.   **Present Controversy Exists**

21. By letter dated October 20, 2023, Great American advised the Association and Quam that there was no coverage under the Policy for the Demand Letter, while raising the Property Damage Exclusion.

22. A true and correct copy of Great American's October 20, 2023 letter is attached hereto as Exhibit 3, and incorporated herein by reference.

23. By letter dated October 30, 2023, counsel for the Association disagreed with Great American's coverage analysis contained in its October 20 letter, and the Association "demands that Great American acknowledge this Claim and immediately retain defense counsel to represent and protect the Insured at the upcoming mediation and in all subsequent proceedings."

24. A true and correct copy of the Association's October 30, 2023 letter is attached hereto as Exhibit 4, and incorporated herein by reference.

25. By letter dated November 13, 2023, Great American (through its counsel) reiterated its denial of coverage under the Policy for the Demand Letter based on the Property Damage Exclusion.

26. A true and correct copy of Great American's November 13, 2023 letter is attached hereto as Exhibit 5, and incorporated herein by reference.

27. An actual controversy exists as to whether Great American owes any coverage obligation (*i.e.*, a duty to defend and/or a duty to indemnify) to Defendants under the Policy, which controversy requires a legal determination by this Court.

# COUNT I
## Declaratory Judgment Regarding
## Great American's Duty to Defend
## (All Defendants)

28. Great American incorporates and restates each and every allegation set forth in Paragraphs 1-27 of this Complaint as if alleged in this Paragraph.

29. Defendants contend that Great American has a duty to defend in connection with the Demand Letter pursuant to the terms of the Policy.

30. Great American contends it has no duty to defend in connection with the Demand Letter pursuant to the terms of the Policy.

31. Specifically, in accordance with the terms, conditions, exclusions, and endorsements of the Policy, Great American has no duty to defend in connection with the Demand Letter under the Policy because of the Property Damage Exclusion.

32. Great American also relies upon all additional terms, conditions, exclusions, and endorsements in the Policy and not specifically identified herein that potentially limit or preclude coverage for the duty to defend for the Demand Letter including, but not limited to, those coverage provisions set forth in Great American's coverage letters dated October 20 and November 13, 2023 (Exhibits 3 and 5).

33. This dispute is ripe for resolution by this Court.

34. Great American seeks a declaration from this Court that Great American has no duty to defend in connection with the Demand Letter pursuant to the terms of the Policy.

35. Should this Court determine that no coverage is available for the Demand Letter and that Great American was and is not obligated to pay any portion of the **Costs of Defense**, any **Costs of Defense** advanced by Great American to the Defendants shall be repaid.

WHEREFORE, Great American respectfully requests that this Court enter judgment in its favor and against the Defendants, declaring that the Policy precludes and/or limits coverage for the Demand Letter, and that Great American has no duty to defend the Defendants for the Demand Letter.  Great American further requests that this Court determine that Great American is entitled to the repayment of any **Costs of Defense** advanced to the Defendants, and orders that Defendants reimburse to Great American all **Costs of Defense** that have been advanced to Defendants at the time of the declaration that Great American has no duty to defend.  Great American further requests that this Court grant it any such other and further relief as this Court deems just and equitable under the circumstances.

## COUNT II
### Declaratory Judgment Regarding
### Great American's Duty to Indemnify
### (All Defendants)

36. Great American incorporates and restates each and every allegation set forth in Paragraphs 1-35 of this Complaint as if alleged in this Paragraph.

37. Defendants contend that Great American has a duty to indemnify them in connection with the Demand Letter pursuant to the terms of the Policy.

38. Great American contends it has no duty to indemnify Defendants in connection with the Demand Letter pursuant to the terms of the Policy.

39. Specifically, in accordance with the terms, conditions, exclusions, and endorsements of the Policy, Great American has no duty to indemnify Defendants in connection with the Demand Letter under the Policy because of the Property Damage Exclusion.

40. Great American also relies upon all additional terms, conditions, exclusions, and endorsements in the Policy and not specifically identified herein that potentially limit or preclude coverage for the duty to indemnify for the Demand Letter including, but not limited to, those coverage

provisions set forth in Great American's coverage letters dated October 20 and November 13, 2023 (Exhibits 3 and 5).

41. This dispute is ripe for resolution by this Court.

42. Great American seeks a declaration from this Court that Great American has no duty to pay for any settlement, judgment, or any other "**Loss**" in connection with the Demand Letter pursuant to the terms of the Policy.

WHEREFORE, Great American respectfully requests that this Court enter judgment in its favor and against the Defendants, declaring that the Policy precludes and/or limits any indemnity coverage for the Demand Letter, and that Great American has no duty to indemnify the Defendants for any settlement, judgments or any other "**Loss**" incurred for the Demand Letter, and that this Court grant Great American such other and further relief as this Court deems just and equitable under the circumstances.

DATED:  Honolulu, Hawaii, February 20, 2024.

/s/ Stefan M. Reinke
STEFAN M. REINKE
BRADFORD F.K. BLISS
Attorneys for Plaintiff